UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

SABRINA KEYS,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, SABRINA KEYS, is a citizen of California.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Further, this matter is being filed in the United States District Court for the Middle District of Florida, as required by the

forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Disney Dream.*

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Disney Dream.*

8. At all times material, Defendant had exclusive custody and control of the *Disney Dream.*

9. On or about May 16, 2025, the Plaintiff was a paying passenger aboard the *Disney Dream*, which at all times material was in navigable waters.

10. On or about May 16, 2025, the Plaintiff was a paying passenger aboard the *Disney Dream*, which at all times material was in navigable waters.

11. On or about May 16, 2025, while aboard the *Disney Dream*, the Plaintiff sustained severe injuries when she slipped and fell on an unreasonably wet, slippery, and hazardous flooring condition while walking on the Pool Deck (hereinafter referred to as the "subject area"), severely injuring her left knee and leg.

12. The unreasonably slippery substance and/or hazardous flooring condition was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition. Given the subject area's floor coloring, material, design, and finish which easily conceals wet spots, the Plaintiff was unable to discern whether the floor was wet or dry before her fall. As such, there was nothing the Plaintiff could have done to have prevented her incident.

13. Defendant is aware that many accidents occur from falls due to slippery surfaces requiring the surfaces to be regularly maintained, swept, dried, and properly cleaned. Defendant has enacted multiple policies and procedures regarding those known risks, which show Defendant's knowledge of the dangers posed and the need to protect passengers and crewmembers from injuries caused by those dangers.

14. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

   a. The subject area contained a transitory foreign substance which made the area unreasonably slippery;

b. Given the subject area's purpose and anticipated foot traffic, the subject area's flooring surface was slippery even without the subject transitory foreign substance; and/or

c. Defendant failed to place sufficient signs, warnings or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the existence of a transitory foreign substance on the floor and/or the unreasonably slippery nature of the flooring surface in the subject area.

15. The Defendant was on notice of the dangerous conditions aboard the *Disney Dream*, which caused Plaintiff's incident and failed to correct and/or warn Plaintiff about them. Defendant knew or should have known of the dangerous condition in the subject area including the subject flooring that Defendant selected and installed, which does not have a sufficiently high coefficient of friction on its own nor when covered in a slippery transitory substance, which makes the subject area unreasonably slippery and hazardous. Through maintenance and inspection of the subject area, Defendant knew or should have known that the foregoing dangerous condition existed for a sufficient length of time so that in the exercise of reasonable care under the circumstances, it would have learned of them, corrected them, and warned the Plaintiff about them.

16. Additionally, Defendant's knowledge was or should have been acquired through prior incident(s) involving slip and falls on the same or similar flooring

materials where injured passengers alleged the floor was unreasonably slippery when wet.

## <u>COUNT I – NEGLIGENT FAILURE TO WARN</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

19. On or about May 16, 2025, Plaintiff was on Deck 11 on the *Disney Dream*, which is a place Defendant reasonably expected Plaintiff to be during the cruise.

20. On or about May 16, 2025, Defendant and/or its crew, agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn of the unreasonably slippery substance and/or hazardous flooring condition of the subject area;

   b. Failure to adequately warn of the risks and dangers associated with the unreasonably slippery substance and/or hazardous flooring condition of the subject area;

   c. Failure to adequately warn that the flooring surface becomes unreasonably hazardous and/or slippery when wet;

   d. Failure to warn of other accidents previously occurring in the same

area and/or type of flooring surface under substantially similar circumstances;

e.  Failure to verbally warn and/or place warning signs on or around the unreasonably slippery substance and/or hazardous flooring surface in the subject area; and/or

f.  Failure to block off the subject area so as to warn Plaintiff of the unreasonably slippery substance and/or hazardous flooring surface in the subject area.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its crew, agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

22.  At all times material hereto, the subject area was not properly or adequately maintained so as to warn passengers, including the Plaintiff, of the unreasonably slippery substance and/or unreasonably slippery flooring surface, thereby creating a dangerous and/or hazardous condition.

23.21.  At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not warn about them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel.  Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under

the circumstances, should have learned of them and warned about them. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident due to prior incidents involving substantially similar circumstances throughout its fleet.

24.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands a jury trial for all damages recoverable under the law.

### COUNT II – NEGLIGENT MAINTENANCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

25. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

- 7 -

26.     At all times material hereto, it was the non-delegable duty of Defendant to maintain its decks in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

27. On or about May 16, 2025, Defendant and/or its crew, agents, servants and/or employees breached its duty through the following acts and/or omissions:

a. Failure to maintain the subject area in clean and dry manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

b. Failure to maintain a reasonably safe walking area so that passengers, including the Plaintiff, had were reasonably safe aboard the vessel;

c. Failure to regularly maintain slip resistant materials and/or non-slip mats in the subject area; and/or

d. Failure to adequately and regularly inspect the subject area for hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel.

28.     The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

29.     At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

30.     At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not adequately maintain the

subject area.    Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel.    Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and adequately maintained the subject area. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident due to prior incidents involving substantially similar circumstances throughout its fleet.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands a jury trial for all damages recoverable

under the law.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

32. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. At all times material, Defendant through its crew, agents, servants and/or employees who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a. Failure to provide Plaintiff with a reasonably safe area to walk aboard the vessel;

b. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

c. Failure to provide slip resistant materials and/or non-slip mats in light of the anticipated weather conditions, sea conditions, and traffic given the anticipated purpose of the subject area;

d. Failure to select and/or utilize reasonably safe flooring material, slip resistant materials and/or non-slip mats so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

e. Failure to adopt policies and procedures so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of unreasonably slippery conditions and/or hazards where passengers like Plaintiff are expected to walk aboard the vessel;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around the subject area where passengers like Plaintiff are expected to walk aboard the vessel and/or that such areas are blocked off;

h. Failure to test and/or adequately evaluate flooring conditions in light of the anticipated weather conditions and traffic given the anticipated purpose of the subject area; and/or

i. Failure to ascertain the cause of prior similar accidents on Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident.

34.  33.  At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not establish a reasonably safe walkway.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning, inspection, and supervision of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel.  Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and eliminated the hazardous conditions. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident due to prior incidents involving substantially similar circumstances throughout its fleet.

35. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any

previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands a jury trial for all damages recoverable under the law.

Dated: April 24, 2026.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com